**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| NBCUNIVERSAL MEDIA, LLC, <br>            *Plaintiff*, <br><br>    v. <br><br> UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection <br><br>            *Defendants*. | Court No. 26-02879 |

**<u>COMPLAINT</u>**

Plaintiff, NBCUniversal Media, LLC ("NBCUniversal"), a Delaware corporation, through its undersigned attorneys, LMD Trade Law PLLC, alleges as follows:

1.     Plaintiff, a U.S.-based importer of record, challenges the assessment of certain duties upon its merchandise entered for consumption in the customs territory of the United States.

2.     Throughout 2025, with a series of executive orders, the President of the United States (the "President") invoked the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 *et seq*., to impose tariffs on imported merchandise (the "IEEPA Tariffs").

3.     The IEEPA Tariffs have been held unlawful by this Court, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court. *V.O.S. Selections Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade), *aff'd in part and rev'd in part*, 149 F.4th 1312 (Fed. Cir.), *aff'd sub nom. Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. Feb. 20, 2026).

4.     Defendant United States received the IEEPA Tariffs deposited by Plaintiff and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

5.     Defendant U.S. Customs and Border Protection ("CBP") is the agency that collected the IEEPA Tariffs deposited by Plaintiff.

6.     Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity. In this capacity, he oversees CBP's collection of IEEPA Tariffs.

7.     Defendants are referred to collectively as "Defendant" in this complaint.

8.     This action is necessary because even though the IEEPA Tariffs and underlying executive orders have been held unlawful by the U.S. Supreme Court, Plaintiff is not guaranteed a refund for those unlawfully collected tariffs in the absence of its own judgment and judicial relief.

9.     Consistent with the U.S. Supreme Court's ruling in *Learning Resources* and the Federal Circuit's and this Court's rulings in *V.O.S. Selections*, Plaintiff requests that this Court: (i) order the reliquidation of Plaintiff's liquidated entries, including entries for which liquidation is final, regardless of entry type, to which IEEPA Tariffs were applied; (ii) order the liquidation of Plaintiff's unliquidated entries to which IEEPA Tariffs were applied to remove the IEEPA Tariffs; (iii) order the prompt refund, with statutory interest, of any IEEPA Tariffs paid by Plaintiff regardless of liquidation status or entry type; and (iv) award Plaintiff its costs and reasonable attorney's fees.

**JURISDICTION AND STANDING**

10.     This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1581(i)(1)(B) & (D), which confers "exclusive jurisdiction" on this Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and over the "administration and enforcement with respect to matters referred to in subparagraphs (A) through (C) of this paragraph

and subsections (a)–(h) of this section." *See also Learning Resources, Inc.* at 5, n.1.

11. This Court has all the powers at law and in equity of a United States District Court, 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order all appropriate relief, including declaratory judgments, reliquidation of entries, and injunctions. 28 U.S.C. §§ 2643(a)(1), (c)(1).

12. As an importer of record that paid IEEPA Tariffs to Defendant on its entries of imported merchandise, Plaintiff has standing to seek the requested relief. Plaintiff has suffered injury caused by the IEEPA Tariffs. A favorable decision ordering a refund of the IEEPA Tariffs will redress Plaintiff's economic injuries.

## TIMELINESS OF THE ACTION

13. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

14. Plaintiff's claims arise from Defendant's actions establishing and imposing the IEEPA Tariffs, and accrued no earlier than February 1, 2025, when the first of the executive orders implementing IEEPA Tariffs was issued.

15. Plaintiff has therefore timely filed this action.

## FACTUAL BACKGROUND

16. Beginning in February 2025, the President, relying on IEEPA, issued several executive orders imposing tariffs on imported merchandise.

17. On February 1, 2025, the President invoked IEEPA to issue three such executive

3

orders imposing tariffs on merchandise imported from Canada[1], Mexico[2], and China.[3] The President justified these orders by declaring national emergencies arising from the trafficking of illicit drugs and unauthorized immigrants into the United States from these countries, and asserted that the tariffs were authorized under IEEPA.

18.    On April 2, 2025, the President declared that trade deficits with United States trade partners constituted a national emergency and, on that basis, issued another executive order, again relying on IEEPA, imposing tariffs (the "Reciprocal Tariffs") on imported merchandise from virtually all countries.[4]

19.    In the months that followed, the President issued additional executive orders to modify the Reciprocal Tariff rates for various reasons; these executive orders also asserted that IEEPA authorized the President to impose and modify tariffs.[5]

20.    The President also imposed, and later modified, additional tariffs under IEEPA on merchandise imported from Brazil and India through a further series of executive orders.[6]

---

[1] *See* Exec. Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 1, 2025).

[2] *See* Exec. Order 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 1, 2025)

[3] *See* Exec. Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 1, 2025)

[4] *See* Exec. Order 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15041 (April 2, 2025).

[5] *See* Exec. Order 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15625 (April 9, 2025); Exec. Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (April 14, 2025); Exec. Order 14298, *Modifying Reciprocal Tariff Rates to Reflect Discussions with the People's Republic of China*, 90 Fed. Reg. 21831 (May 12, 2025); Exec. Order 14358, *Modifying Reciprocal Tariff Rates Consistent with the Economic and Trade Arrangement Between the United States and the People's Republic of China*, 90 Fed. Reg. 50729 (November 4, 2025).

[6] *See* Exec. Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37739 (July 30, 2025); Exec. Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38701 (Aug. 6, 2025); Exec. Order 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed. Reg. 54467 (Nov. 20, 2025).

21.     These executive orders modified or directed the modification of the Harmonized Tariff Schedule of the United States ("HTSUS"), 19 U.S.C. § 1202,  to include the IEEPA Tariffs in various Chapter 99 headings therein.

### I.     CBP's Implementation of the IEEPA Tariffs

22.     Defendant U.S. Customs and Border Protection ("CBP") is charged with the assessment and collection of duties on imported merchandise into the United States. 19 U.S.C. §§ 1500, 1502.

23.     Upon the entry of goods into the United States, CBP is responsible for assessing and collecting any applicable tariffs, including the IEEPA Tariffs, based on the rates set forth in the Harmonized Tariff Schedule of the United States. 19 U.S.C. §§ 1202, 1500, 1502.

24.     After determining the final amount of duty owed, CBP "liquidates" the entry and provides notice to the importer indicating whether additional duties are owed or a refund is warranted. 19 U.S.C. § 1500.

25.     After an entry is liquidated, if the liquidation is subject to protest, the importer of record is afforded 180 days to file a protest challenging the liquidation and certain CBP decisions encompassed therein. Absent such action, the liquidation becomes final. 19 U.S.C. § 1514(a).

### II.     Plaintiff Paid IEEPA Tariffs

26.     Plaintiff classified its imported merchandise under HTSUS Chapter 99 headings applicable to the IEEPA Tariffs and deposited estimated IEEPA Tariffs at the time of entry. 19 U.S.C. § 1505(a).

27.     Plaintiff has paid all estimated duties, taxes, and fees assessed on its entries of imported merchandise, including IEEPA Tariffs. Certain entries for which Plaintiff has paid IEEPA Tariffs have already liquidated, while other entries continue to liquidate and become final.

5

**III.    Defendant is Judicially Estopped From Opposing Plaintiff's Requested Relief**

28.    This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et al,* No. 25-255, ECF No. 29 at 6 (Ct. Int'l Trade Dec. 15, 2025).

29.    On multiple occasions before this Court and others, Defendant has expressly stated that it would not oppose relief in the form of refunds and reliquidation if the IEEPA Tariffs were ultimately determined to be unlawful. For example, in a related action, Defendant represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection et al*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

30.    In a second related action, Defendant represented that "even if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation . . . . Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." *V.O.S. Selections, Inc. v. Trump*, No. 25-066, ECF No. 32 at 42 (Ct. Int'l Trade Apr. 29, 2025). Later, in successfully moving for a stay of this Court's order invalidating the IEEPA Tariffs, Defendant affirmed that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, ECF No. 6 at 25 (Fed. Cir. June 10, 2025).

31.    In a third related action, Defendant again stated that it would "not oppose the reliquidation of any entries of goods subject to IEEPA duties paid by plaintiffs that are ultimately found to be unlawful after appeal," and that plaintiffs were "guaranteed payment" in that scenario. *Learning Resources, Inc. v. Trump*, No. 25-1248, ECF No. 41 at 13 (D.D.C. June 2, 2025).

32.    In a fourth related action, Defendant represented that "Defendants have also

committed to refund any challenged duties paid by plaintiff importers if such duties are found to be unlawful once there is a final, unappealable court decision ordering refund of such duties to plaintiffs." *Strato Technology Solutions, LLC v. United States et al*, No. 25-322, ECF No. 14 at 9 (Ct. Int'l Trade Dec. 22, 2025).

33.    In light of these repeated representations made to avoid judicial intervention, Defendant is judicially estopped from adopting a contrary position or contesting this Court's authority to grant such relief. *AGS Co. Automotive Sol.*, No. 25-255, ECF No. 29 at 8 (Ct. Int'l Trade Dec. 15, 2025)

34.    The U.S. Supreme Court has since affirmed this Court's finding that the IEEPA Tariffs are indeed unlawful. *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d 1350, 1383 (Ct. Int'l Trade 2025), *aff'd* 149 F.4th 1312 (Fed. Cir. 2025), *aff'd sub nom. Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. Feb. 20, 2026).

## STATEMENT OF CLAIMS

35.    Paragraphs 1 through 34 above are incorporated by reference.

36.    The U.S. Supreme Court recently held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026).

37.    Therefore, the challenged IEEPA Tariffs are *ultra vires*.

38.    Due process requires that Defendant refund any and all IEEPA Tariffs that Defendant unlawfully collected from Plaintiff.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

(a)    Order Defendant to reliquidate, with no assessment of IEEPA Tariffs, any of Plaintiff's entries of imported merchandise subject to IEEPA Tariffs that have been liquidated;

(b)    Order Defendant to liquidate, with no assessment of IEEPA Tariffs, any of Plaintiff's entries of imported merchandise that are unliquidated as of the date of the Order;

(c)    Order Defendant to refund to Plaintiff any IEEPA duties collected from Plaintiff, with interest as provided by law; and

(d)    Award Plaintiff its costs and reasonable attorney's fees.

Respectfully submitted,

Dated: April 24, 2026                     /s/ T. James Min II

T. James Min II
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2036
James.Min@lmdtradelaw.com

Samuel D. Finkelstein
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2328
Samuel.Finkelstein@lmdtradelaw.com

*Counsel to NBCUniversal Media, LLC*

## CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on April 24, 2026, copies of Plaintiff's Summons and Complaint were served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

/s/ T. James Min II

T. James Min II
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2036
James.Min@lmdtradelaw.com

Samuel D. Finkelstein
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2328
Samuel.Finkelstein@lmdtradelaw.com

*Counsel to NBCUniversal Media, LLC*

9